LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2013 OCT -7 PM 4: 01

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | ) CRIMINAL CASE NO. CM48-13 |
| | ) |
| | ) DECISION AND ORDER |
| | ) |
| vs. | ) Defendant's Motion for Civil Compromise |
| | ) |
| BRIAN MARK AGUERO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on September 12, 2013, on Brian Mark Aguero's ("Defendant") Motion for Civil Compromise. Defendant was represented by Attorney Joaquin C. Arriola, Jr. Assistant Attorney General Gabrielle Rossi appeared on behalf of the People of Guam ("the People"). Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments and legal authorities presented by both parties, the Court hereby issues this Decision and Order **GRANTING** Defendant's motion.

### BACKGROUND

On January 4, 2013, Defendant was charged with Assault by Mutual Combat (As a Petty Misdemeanor) along with Co-Defendant John Steven Aguero. Complaint (Jan. 4, 2013). The allegations set forth in the Declaration states that Brian Mark Aguero and John Steven Aguero are brothers. The two "got into a fight when Brian Aguero accused [John Aguero] of breaking into his house." Id. The Declaration further states that "Brian Aguero approached [John

Aguero], head-butted him twice and then began poking John Aguero with his finger numerous times to his forehead. Brian then threw a few punches, missed, and John Aguero placed Brian Aguero in a headlock. They struggled on the ground and family members broke up the fight." Id.

Brian Aguero and John Aguero were arraigned on February 20, 2013. Both Defendants waived their right to a speedy trial. Assertion or Waiver of Speedy Trial & Request for Jury of Twelve in Felony Case (Feb. 20, 2013). On June 25, 2013, Defendant Brian M. Aguero requested a jury of six persons. Jury Demand (Jun. 25, 2013). On September 6, 2013, Defendant Brian M. Aguero filed a Motion to Dismiss for Civil Compromise. Brian Aguero and John Aguero also field a Declaration under penalty of perjury, acknowledging their satisfaction for their injuries. Civil Compromise (Sep. 6, 2013). On September 10, 2013, the People filed their opposition. The Court heard oral arguments on September 12, 2013.

## DISCUSSION

Defendant moves the Court to dismiss the instant Complaint pursuant to 8 GCA § 80.90. See Def.'s Mot. to Dismiss for Civil Compromise; Memorandum in Support of Mot. (Sep. 6, 2013). Defendant argues that "the reasons for dismissal under the civil compromise statute are met here: (1) the civil injury was coextensive with the criminal violation; (2) the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) the victims' settlement agreement was made voluntarily." Id. at 2.

The People oppose Defendant's motion. The People argue that "[c]ivil compromise would be appropriate if there was satisfaction for the injuries suffered in this case, yet, there is no indication by Defendant that satisfaction was received. Defendant only indicates that their differences were resolved and they civilly compromised the incident." People's Opp'n Mot. at

2 (Sep. 10, 2013). The People also contend that "there is no victim in this case" and there can be no civil compromise without a named victim." Id. at 3.

Misdemeanors may be compromised in accordance with Guam law. Guam's Criminal Procedure provides when misdemeanors may be compromised as follows:

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by the Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution of the same offense.

8 GCA § 80.90

Section 80.90 is based on California Penal Code §§ 1377 and 1378. California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. As such, the legislative purpose behind allowing civil compromise of criminal misdemeanors is not to guarantee a victim maximum compensation for the injury, but to remove from criminal prosecution those offenses for which there is a civil remedy available. *People v. Stephen*, 182 Cal. App.3rd 14, 27 (1986). The rationale for this legislative purpose, as indicated in *Stephen*, is that the public interest in those cases is best served by requiring the accused to make restitution directly and immediately to the individual victim instead of subjecting the accused to criminal sanctions for the welfare of society in general. *Id.*

In *People v. Moulton*, 131 Cal.App.3d Supp. 10 (1982), the Court held that various factors may be taken into consideration by a trial judge in determining whether to dismiss a misdemeanor criminal prosecution under a civil compromise statute. These factors include (1)

whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *Id.* at 21-23.

In the instant case, the Defendant was charged with Assault by Mutual Combat (As a Petty Misdemeanor). As indicated in *Moulton*, by its very nature, Assault is a crime in which the person injured would almost always have a civil action for damages. *Id.* at 21. Since a civil remedy was readily available at the inception of this criminal case, it may be deduced that the civil injury was coextensive with the criminal violation.

In regards to whether the circumstances are such that through private settlement the injury to the public would be fully vindicated, the *Moulton* court held that the seriousness of the injury, as well as the circumstances of the commission of the offense, are taken into consideration in "determining whether a civil satisfaction adequately vindicates the public's interest in enforcing its criminal laws." *Id.* at 23. In the instant case, the altercation was between the Defendant and his Co-Defendant brother.

Lastly, in regards to whether the victim's settlement agreement was made voluntarily, this Court recognizes that both co-Defendants and cross victims submitted their Declaration that they have met and resolved their differences and civilly compromised the incident. The Court is not in a position to second guess their Declaration, considering it was submitted under penalty of perjury. Therefore, the Court accepts that the cross victims have voluntarily made their Declaration.

The Court finds that Defendant's motion provides both the legal and factual basis to approve dismissal pursuant to 8 GCA § 80.90 for the following reasons: (1) The acts

constituting the offense have a remedy by civil action; (2) the injury suffered by the cross victims was not serious in nature and private settlement would fully vindicate any injury to the public; and (3) the cross victims have submitted a declaration under penalty of perjury that they received satisfaction for the injury and would like for the Attorney General's Office to dismiss this case by way of civil compromise. There is no information provided to the Court of any costs incurred as a result of this incident. Therefore, the Court **GRANTS** Defendant's motion recognizing that the civil compromise statute as applied in the instant case serves the interests of justice, judicial economy and fairness to the parties.

CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant's Motion for Civil Compromise.

Further proceedings is set for _____ 10/14/13 at 9a.m.

**SO ORDERED** this __7__ day of OCTOBER, 2013.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

OCT - 7 2013